UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| JOHNNY WOODARD,<br><br>  Plaintiff,<br><br>v.<br><br>DETECTIVE R. BALLINGER, ET AL.,<br><br>  Defendants. | Civil Action No. 5:22-009-KKC<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Johnny Woodard is a pretrial detainee at the Bourbon County Regional Detention Center in Paris, Kentucky. Proceeding without a lawyer, Woodard filed a civil rights complaint. [R. 1]. Woodard's pleading is difficult to follow, but he appears to allege that his constitutional rights were violated when he was arrested and charged following the discovery of "drugs and contraband" in a hotel room in Richmond, Kentucky. [*See id.*]. Woodard sues three Richmond police officers, as well as a hotel employee, and he claims he is now facing "false charges" in state court. [*See id.*]. In fact, in an attachment to his complaint, Woodard accuses the Richmond police officers of "corruption" and says the named defendants "wrongly and knowingly made a false case against me." [R. 1-1]. As relief, Woodard seeks release from pretrial detention, a Court order directing that the state charges against him be dropped, and money damages. [*See* R. 1 at 6].

Woodard's complaint is now before this Court on initial screening pursuant to 28 U.S.C. § 1915A. Ultimately, there are multiple problems with this action, and, therefore, the Court will dismiss Woodard's complaint without prejudice.

As an initial matter, Woodard has not paid the $402.00 in filing and administrative fees in this case. To be sure, Woodard did file a motion for leave to proceed *in forma pauperis* [*see* R. 2], but his motion is not supported by "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . ., obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(e)(2). Indeed, Woodard's financial information does not contain a signature from an authorized official. [*See* R. 2 at 3, 6; R. 3 at 5, 6]. Thus, Woodard has not even properly initiated this civil action.

More importantly, even if Woodard had properly started this case, the Court would still dismiss this matter without prejudice pursuant to the doctrine announced in *Younger v. Harris*, 401 U.S. 37 (1971). That doctrine provides that a federal court should generally abstain from interfering in a state court action that is ongoing, involves an important state interest, and provides an adequate opportunity to raise challenges. *See Fieger v. Cox*, 524 F.3d 770, 775 (6th Cir. 2008) (discussing *Younger* abstention). Here, the state criminal case against Woodard is ongoing,[1] that matter obviously involves an important state interest, and Woodard can raise challenges to the charges against him during that criminal proceeding. Therefore, this Court will abstain from interfering in Woodard's criminal case, just as it "has abstained from meddling in . . . [other] state court criminal actions." *Stevenson v. Prime Motors*, No. 5:16-cv-421-KKC, 2017 WL 512750, at *3 (E.D. Ky. 2017) (collecting cases). Therefore, the Court will dismiss Woodard's complaint

---

[1] This Court takes judicial notice of the publicly available docket sheet in *Commonwealth of Kentucky v. Johnny Woodard*, No. 20-CR-00288 (2020). That docket sheet clearly indicates that Woodard's case is ongoing and is set for a pretrial conference this month. Woodard also referenced this case number—No. 20-CR-00288—in an attachment to his complaint [*See* R. 1-1 at 1], and his pleading makes it clear his state criminal case remains active [*see* R. 1].

without prejudice.  *See Mayes v. Rozalski*, No. 20-5364 (6th Cir. Oct. 9, 2020) (affirming this Court's without-prejudice dismissal pursuant to the *Younger* abstention doctrine).

Accordingly, it is **ORDERED** that:

1. Woodard's complaint [R. 1] is **DISMISSED** without prejudice.

2. All pending motions are **DENIED** as moot.

3. This action is **STRICKEN** from the Court's docket.

4. The Court will enter a corresponding Judgment.

This 13th day of January, 2022.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY